VINK v BEARDSLEY

Docket No. 78-5401. Submitted June 14, 1979, at Grand Rapids.—
Decided December 6, 1979.

Plaintiff, Kirt Vink, was injured when he stuck his hand into the
moving fan blades of a Toro leaf blower. The blower was owned
by the estate of Raymond Beardsley, for whom plaintiff was
working. Plaintiff sued Virginia Beardsley, Paul Beardsley,
executor of the estate of Raymond Beardsley and Toro Manu-
facturing Company for damages in the Ottawa Circuit Court.
Prior to trial the court, Calvin L. Bosman, J., granted summary
judgments of dismissal in favor of the Beardsleys. At trial,
plaintiff's theories of recovery against the manufacturer were
negligent design and failure to warn, and plaintiff testified that
there were no warning labels on the machine at the time of the
accident. Kenneth Hasenback, Manager of Technical Services
for the Outdoor Power Equipment Division of Toro, testified on
cross-examination that warning labels are affixed to the leaf
blower at two locations during manufacture and that he had
reason to believe that there were warning labels on the ma-
chine when it left the manufacturer. He testified ·on direct
examination that, based upon his earlier examination of photo-
graphs of the leaf blower involved and his in-court examination
of the leaf-blower itself, it was his opinion that the warning
labels had been forcibly removed by intentional tampering,
scouring and paint removal. The jury returned a verdict of no
cause of of action. Plaintiff appeals. *Held:*

The plaintiff argued that the trial court erred in allowing
expert opinion testimony on a question of fact which required
no explanation by an expert. Evidence is generally admissible if
it is relevant, *i.e.*, if it has the tendency to make the existence
of any fact of consequence to the determination of the action
more or less probable than it would be without the evidence.
The evidence was relevant because it tended to make more
probable the defense contention that the defendant did attempt
to warn users of foreseeable hazards and that the warning

REFERENCES FOR POINTS IN HEADNOTES
[1] 31 Am Jur 2d, Expert and Opinion Evidence § 26.
[2] 31 Am Jur 2d, Expert and Opinion Evidence § 24.

labels were tampered with. The testimony was not expert testimony because the witness was not an expert in label removal. The testimony was merely the opinion of a lay witness, which, to be admissible, must be rationally based on the perception of the witness and must be helpful to a clear understanding of his testimony or the determination of a fact in issue. The witness's testimony was proper even though it expressed an opinion on an ultimate issue of fact.

Affirmed.

1. WITNESSES — EVIDENCE — EXPERT TESTIMONY — RULES OF EVI-
DENCE.

A witness qualified as an expert by virtue of knowledge, skill, experience, training or education may testify to scientific, technical or other specialized knowledge which will assist the trier of fact to understand the evidence or to determine a fact in issue (MRE 702).

2. WITNESSES — EVIDENCE — OPINION EVIDENCE — RULES OF EVI-
DENCE.

A witness not testifying as an expert may testify in the form of opinions and inferences, even expressing opinions on ultimate facts in issue, where his testimony is rationally based on his perception and is helpful to a clear understanding of his testimony or the determination of a fact in issue (MRE 701, 704).

*James W. Bussard,* for plaintiff.

*Frank A. Sweet,* for defendant.

Before: D. F. WALSH, P.J., and M. J. KELLY and E. F. OPPLIGER,* JJ.

E. F. OPPLIGER, J. Plaintiff brought suit to recover damages for personal injury against defendant Toro Manufacturing Co. (hereafter Toro) on the theory of negligent design of a gasoline motor driven leaf blower and failure to adequately warn of inherent dangers. In the trial of this matter the jury returned a verdict of no cause of action. A judgment of no cause was entered, followed by an

* Circuit judge, sitting on the Court of Appeals by assignment.

opinion and order denying plaintiff's motion for a new trial. Plaintiff appeals the denial of a new trial, contending that defendant's witness was improperly allowed by the trial court to render expert opinion testimony on a question of fact which required no explanation by an expert. We affirm.

The resolution of this appeal involves consideration of the New Michigan Rules of Evidence (effective March 1, 1978) governing expert and lay opinion testimony and opinion testimony which embraces an ultimate issue. For a clear understanding of the issues, the facts underlying this appeal are set forth below.

Plaintiff maintained the grounds of the Beardsley estate and was provided the use of the Beardsley's "Toro Lawnsweeper" leaf blower in order to pick up fallen leaves. Defendant Toro manufactured the leaf blower, which was purchased by plaintiff's employer, the Beardsleys, and was used exclusively by the plaintiff for yard work on the owner's premises for approximately two seasons before the accident. This machine has a vacuum attachment, which plaintiff had never used prior to the day of the accident.

On November 20, 1976, while in the process of blowing leaves, plaintiff decided to utilize the vacuum attachment. As plaintiff began the assembly of the vacuum hose and attachment brackets, he did not shut the machine off. Plaintiff removed the intake guard which protects the user from the main impeller or fan blades. While moving to attach the hose, plaintiff's right hand was severely injured by the fan blades.

On October 12, 1977, plaintiff filed a complaint against defendants Beardsley and defendant Toro, seeking damages for injuries to his hand sustained as a result of his operation and/or mechanical

adjustment of the leaf blower. Prior to trial, the trial court entered summary judgments of dismissal in favor of Mr. and Mrs. Beardsley.

At trial, plaintiff sought recovery from Toro on the theory of negligent design and failure to warn. Toro defended on the basis of the integrity and quality of its design, and the adequacy of the warning labels which are customarily attached during manufacture. Plaintiff testified that there were no warning labels present on the subject machine at any time.

Kenneth Hasenbank, Manager of Technical Services for the Outdoor Power Equipment Division of Toro, whose responsibilities included managing the design of the subject machine, was first called for cross-examination during plaintiff's case in chief. He testified that warning labels are affixed to this type machine at two locations during manufacture and that he had reason to believe that such labels were on the subject machine when it left the factory.

Originals of the warning labels ordinarily used by Toro were introduced into evidence among defendant's trial exhibits. The warning normally affixed to the fan housing read:

"CAUTION
stop engine before removing
blower intake or blower discharge".

Plaintiff did not stop the subject machine when he was removing the blower intake guard.

Mr. Hasenbank was called for Toro's defense, and, over the repeated objection of plaintiff's counsel, gave testimony the admission of which plaintiff contends was reversible error. Hasenbank testified that, based upon his earlier examination of

photographs of the subject machine and his in-court examination of the subject machine itself, it was his opinion that the warning labels had been forcibly removed by intentional tampering, scouring and paint removal. He also testified that remnants of the discharge chute warning label were visible in the photograph and on the subject machine. Plaintiff argues on appeal that the trial court erred in admitting expert opinion testimony on a question of fact which required no explanation by an expert.

The first test for the admission of evidence is relevance. Relevant evidence is defined by MRE 401 as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence". MRE 402 provides that relevant evidence is generally admissible.

Plaintiff's case in chief had introduced direct evidence, through Hasenbank, of Toro's quality control inspection procedures including the attachment and content of warning labels. On direct examination in the defendant's case Hasenbank testified, over objection, to the apparent removal of the labels. This testimony was the single source of authoritative evidence tending to make more probable the defense contention that defendant did attempt to warn the user of reasonably foreseeable hazards and that the warning labels on the subject machine were tampered with. Thus, the testimony objected to was clearly relevant.

The trial court was never asked to determine whether Hasenbank was testifying as an expert or lay witness. No objection was made to his qualifications to testify regarding Toro's manufacturing process. The witness was an engineer with several

years of design experience with defendant's products; he knew what warnings were used, where and how they were affixed, their size and durability. He was familiar with the paint used on the subject machine, and its durability and ability to withstand normal use.

MRE 702 sets forth the standard to be applied in admitting expert opinion testimony:

"Rule 702 Testimony by Experts.
"If the court determines that recognized scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise."

Although it can be argued that Hasenbank possessed "specialized knowledge" that assisted the jury in ascertaining the likelihood that the warning labels were attached on the subject machine, he was not an expert in label removal, as was recognized by the trial judge in his opinion denying plaintiff's motion for a new trial. Therefore, the objected to testimony going to the removal of the warning labels on the subject machine was merely opinion testimony by a lay witness. MRE 701 provides for the admission of such testimony as follows:

"Rule 701 Opinion Testimony by Lay Witnesses.
"If the witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of his testimony or the determination of a fact in issue."

At trial, the physical condition of the subject machine was such that Hasenbank's opinion was "rationally based on [his] perception", and his opinion was certainly "helpful to * * * the determination of a fact in issue". Therefore, the trial court's rulings on the admissibility of Hasenbank's opinion testimony were proper.

Plaintiff also argues that Hasenbank's opinion testimony went to an ultimate issue that should have been the proper preserve of the jury's determination as fact-finder. However, whether Hasenbank was an expert or a lay witness, MRE 704 permits his opinion testimony on an ultimate issue.

For all of the above reasons, witness Hasenbank's testimony was properly admitted by the trial court, and plaintiff's motion for a new trial was properly denied.

Affirmed; costs to appellee.